UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-80890-Leibowitz/McCabe

CAMERON REGO,

    Plaintiff,

v.

HIGH RISK ENFORCEMENT, LLC,
a Florida Limited Liability Company,
d/b/a HIGH RISK ENFORCEMENT, and
LEWIS BROWN, an individual,

    Defendants.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon a Joint Motion to Approve Settlement and for Dismissal with Prejudice, which was referred to the undersigned by United States District Judge David S. Leibowitz. (DE 30, DE 31). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED** and that the case be **DISMISSED WITH PREJUDICE**.

The Court held a fairness hearing via Zoom video teleconference (VTC) on July 7, 2025, during which the Court heard from the parties' counsel regarding the fairness of the settlement of Plaintiff's claim alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* At the hearing, the parties' counsel represented that the settlement is fair and reasonable, and that Plaintiff and Defendants are in agreement with the terms of the settlement.

When a private action brought under the FLSA is settled, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d

1350, 1353, 1355 (11th Cir. 1982).  The Court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.  While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id*. at 1354.  Where, as here, a settlement agreement is entered into in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues.  *Id.*

Following an independent review of the record and after a full review of the represented parties' Settlement Agreement, the Court finds that the parties' settlement represents a fair and reasonable resolution of the parties' bona fide disputes in this contested matter.  In all, the agreement represents a reasonable compromise that avoids the costs and uncertainty of further litigation.

For the reasons stated above, the undersigned **RECOMMENDS** that the motion (DE 30) be **GRANTED** and that the case be **DISMISSED WITH PREJUDICE**.  The Court further recommends that the Court retain jurisdiction to enforce the parties' settlement agreement and rule on Plaintiff's Motion for Attorneys' Fees and Costs.

The parties shall have five (**5**) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the United States District Judge assigned to this case.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 7th day of July 2025.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE