UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80890-Liebowitz/McCabe

CAMERON REGO,

    Plaintiff,

v.

HIGH RISK ENFORCEMENT, LLC,
a Florida Limited Liability Company,
d/b/a HIGH RISK ENFORCEMENT; and
LEWIS BROWN, an individual,

    Defendants.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Plaintiff's Motion for Attorney's Fees and Costs, which was referred to the undersigned by United States District Judge David S. Leibowitz. (DE 39, DE 40). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED**.

**I.    BACKGROUND**

This is an FLSA case involving one month of unpaid minimum wages. (DE 1 ¶¶ 1, 20, DE 12 ¶¶ 1, 4). On May 6, 2025, the parties settled the case in part with the aid of a mediator. (DE 28). Thereafter, the District Judge approved the parties' settlement agreement, which called for payment of $2,000 in damages to Plaintiff, with the Court reserving jurisdiction to decide the appropriate amount of attorneys' fees and costs to be awarded. (DE 30-1 ¶¶ 1, 9, DE 38). The parties agreed, as part of their settlement agreement, that Plaintiff would be deemed the "prevailing party" for purposes of attorneys' fees and costs, which would be paid by Defendant High Risk Enforcement, LLC. (DE 30-1 ¶¶ 4, 7).

This motion followed, by which Plaintiff asks the Court to determine the appropriate amount of attorneys' fees and costs to be awarded. (DE 39). Defendants have not responded to the Motion, and the time to do so has passed.

## II.     DISCUSSION

The Court will address attorneys' fees first, followed by costs.

### A.     Attorneys' Fees

Courts calculate reasonable attorneys' fees by multiplying the number of hours reasonably expended by a reasonable hourly rate. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). This number, referred to as the "lodestar," carries a strong presumption of reasonableness, but may be adjusted by the court. *Id.* at 427; *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). A fee applicant bears the burden of proving reasonableness, which normally involves "supplying the court with specific and detailed evidence." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Here, Plaintiff's counsel has supplied the Court with his billing records as well as an affidavit describing his professional background and experience. (DE 39-1, DE 39-2). As set forth there, Plaintiff requests $10,920 in attorneys' fees. (DE 39 at 5).

#### 1.     Hourly Rates

The first step in calculating the lodestar is to determine reasonable hourly rates. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation." *Van De Velde NV v. Felder*, No. 15-24096-CIV, 2017 WL 8895345, at *4 (S.D. Fla. May 25, 2017), *R. & R. adopted*, 2017 WL 8895340 (S.D. Fla. June 16, 2017). The Court may act as its own expert in making this determination. *See Norman*, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning

reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (cleaned up).

Here, Plaintiff's counsel seeks $400 per hour for his own time and $175 - $195 per hour for time billed by his law firm's legal assistant. (DE 39 at 2). The Court finds these rates to be reasonable and well within the range of rates ordinarily charged in this community for legal services by professionals with reasonably comparable skills, experience, and reputation.

### 2.    Hours Spent

The next step in calculating the lodestar is to determine the reasonable number of hours expended on the case. In making this determination, courts generally look to factors such as (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Once again, courts may act as their own expert in making this determination.  *Norman*, 836 F.2d at 1303.

Here, Plaintiff's counsel requests attorneys' fees for 31 hours of work. (DE 39 at 2, DE 39-1). In support, Plaintiff provided a time log containing a breakdown of tasks performed, including dates, time spent, and descriptions of work. (DE 39-1). Having reviewed the billing entries, the Court finds the time expended to be reasonable. The time records show that Plaintiff's counsel performed the work customarily performed to advance a case of this type to the mediation and settlement stage, including the following: meeting with the client; preparing a complaint;

complying with the Court's standard procedures for FLSA cases, including filing of a Statement of Claim with supporting records; preparing a Joint Scheduling Report; preparing and responding to discovery requests; filing a motion to compel (necessitated by Defendants' failure to respond to discovery); attending mediation; preparing a motion to approve settlement; attending a fairness hearing; and preparing the instant motion. The Court finds nothing excessive or unreasonable in the time records.

The Court acknowledges that Plaintiff's counsel seeks $10,920 in attorneys' fees based on a recovery of only $2,000 for his client. The Court finds this factor non-dispositive for two reasons. First, "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Tyler v. Westway Auto. Serv. Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005); *see also P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850-51 (11th Cir. 2019) (rejecting the argument that fees of $118,894.20 were unreasonable for a $6,308 jury verdict in a FLSA case and observing that fee awards are mandatory in FLSA cases and often exceed damages).

Second, Plaintiff's counsel framed his pleadings from the outset as a small case, seeking to recover for only one month of damages. (DE 1 ¶ 20, DE 12 ¶¶ 1, 4). This is not a case where the plaintiff's lawyer filed a large case and then lost most of the claims, recovering only a fraction of the amount sought. Instead, Plaintiff's counsel filed a small case and obtained a fair recovery. Reducing a fee award under these circumstances would discourage lawyers from taking small cases and thereby deprive potential FLSA plaintiffs of the remedies Congress intended. *See Tyler*, 2005 WL 6148128 at *9 (noting that courts should "be mindful that to reduce a fee on this basis may 'prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public'").

In sum, the Court finds that Plaintiff's counsel expended a reasonable number of hours on

the case and that counsel owed no duty to spend fewer hours merely because his client had only one month's worth of damages. The Court finds no basis to reduce the lodestar and therefore recommends that Plaintiff be awarded $10,920 in attorneys' fees.

### B. Costs

Plaintiff next seeks to tax $484.03 in costs, consisting of the following: (1) $405 for the court filing fee; (2) $61.65 for the service of process fee; and (3) $8.69 each for certified mail to both Defendants. (DE 39 at 5, DE 39-1 at 2). Pursuant to Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Court has reviewed the costs requested by Plaintiff and finds them to be both reasonable and allowable. *See* 28 U.S.C. § 1920 (allowing courts to tax clerk fees, service fees, and fees for printing). As such, the Court recommends that Plaintiff be awarded $484.03 in costs.

### III.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the motion (DE 39) be **GRANTED** and that Plaintiff be awarded $10,920 in attorneys' fees and $484.03 in costs, **for a total award of $11,404.03.** The Court recommends that the District Judge adopt this Report and Recommendation and enter the Proposed Order attached as Exhibit 3 to Plaintiff's motion. (DE 39-3).

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 10th day of September 2025.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE